UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES LY and NGA LAM, : | |
| : | Civil Action No. 17-2203 (BRM) |
| Plaintiffs, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| GEORGE J. LESENSKYJ et al, : | |
| : | |
| Defendants. : | |
| : | |

This matter comes before the Court upon Plaintiffs James Ly and Nga Lam's ("Plaintiffs") motion to file a verified amended complaint. (Docket Entry No. 10). Defendant George Lesenskyj ("Defendant Lesenskyj") opposes Plaintiffs' motion (Docket Entry No. 14). The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to file a verified amended complaint is GRANTED.

I.  **Background and Procedural History**

This matter involves a personal injury to a passenger during a boat accident that occurred on July 10, 2016. Plaintiff James Ly ("Plaintiff") was a passenger in a boat (a Carolina Skiff, rented from Bay Dreamer, LLC d/b/a Bobbie's Boats and Motor Rental), along with his friends Phillip C. Kang and Joshua Liao. At the same time, the *in rem* Defendant vessel, identified in the complaint as JANE DOE, was being operated by Defendant Leskenskyj. The JANE DOE collided with Plaintiff's boat, killing Phillip C. Kang. Plaintiff alleges that by observing the "horrifying injuries to his friend" along with his own personal injuries, he has suffered extreme

emotional distress and psychological injuries. *Pls.' Br. in Supp. of Mot*. at 3. On April 3, 2017, Plaintiffs filed a complaint against Defendant Lesenskyj and his vessel as well as several Defendants whose identities are unkown.[1] On July 5, 2017, Defendant Lesenskyj filed a third party complaint against Bay Dreamer LLC d/b/a Bobbie's Boats and Motor Rental. (Docket Entry No. 6). Plaintiffs filed the instant motion on August 29, 2017 seeking to file a verified complaint. (Docket Entry No. 10).

Plaintiffs state that the initial exchange of documents revealed an insurance policy which provides supplemental coverage should the plaintiffs arrest the defendant vessel, JANE DOE. *Pls.' Br. in Supp. of Mot.* at 1-2. Plaintiffs note that Supplemental Admiralty Rule C(2)(a) requires a verified complaint. *Id.* at 2. Plaintiffs state that they bring this motion so that "the plaintiffs *in rem* action may be perfected, the vessel arrested, and the supplemental coverage of the subject insurance policy invoked." *Id*.

Plaintiffs argue that none of the negative elements addressed in *Foman v. Davis* are present in this case, i.e. undue delay, bad faith, dilatory motive, undue prejudice to opposing party, futility. *Id*. at 4. Additionally, Plaintiffs argue that the amendment would serve the interests of both Plaintiffs and Defendant Lesenskyj by potentially providing insurance coverage for Plaintiffs' losses and potentially providing additional insurance coverage for Defendant Lesenskyj. *Id*.

Defendant Lesenskyj argues that Plaintiffs' motion is "a ploy to misuse the U.S. Marshall's Service to harass an inadequately insured defendant." *Def.'s Br. in Opp'n* at 1.

---

[1] "(A) a person or entity who owned, controlled and/or operated the subject vessel on or about July 10, 2016, (B) a person or entity or his employer who was responsible for the repair and upkeep of the vessel or who was responsible for the training of the crew of the subject vessel on or before July 10, 2016 and (C) all successors in interest to the person described in (1) and (2)." *Pls.' Compl*. at 5.

2

Additionally, Defendant Lesenskyj argues that plaintiffs' statement that arresting the vessel will lead to additional liability coverage is incorrect, making the proposed amendment futile. *Id*. at 2. Defendant Lesenskyj further argues that he will be prejudiced by the amendment by having his boat seized for no valid purpose. *Id*. at 3.

Plaintiffs argue in their reply brief that they although they explained why the arrest of the vessel is being sought, it is irrelevant to plaintiffs' right to arrest the vessel. *Pls.' Reply Br*. at 1. Plaintiffs state that since the defendant's vessel was involved in a maritime casualty resulting in personal injury to plaintiffs, plaintiffs have a maritime lien on the vessel which is enforced by arresting the vessel. *Id*. (citing *Salazar v. Atlantic Sun*, 881 F. 2d 73 (3d Cir. 1989).

**II.     Analysis**

Pursuant to Fed.R.Civ.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is

vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id*.

The Court finds that there is no undue delay, bad faith or dilatory motive. The complaint was filed on April 3, 2017. Plaintiffs filed the instant motion on August 29, 2017, after the initial exchange of documents revealed an insurance policy that would provide supplemental coverage if plaintiffs arrested the vessel. The Court notes that a discovery schedule has not yet been set and that at the time of Plaintiffs filing of the motion, not all Defendants had filed an answer.

Additionally, the Court finds that Defendant Lesenskyj will not be prejudiced by the amendment. Moreover, as noted by Plaintiffs, the arrest of the vessel can benefit Defendant Lesenskyj by providing him with additional insurance coverage.

The Court further finds that Plaintiffs' amendment is not futile. Plaintiffs seek to arrest the vessel in order to enforce a maritime lien. The Third Circuit has stated that "the central purpose of the arrest procedure…is to provide the plaintiff with a means for satisfying [its] maritime lien." *Salazar v. Atlantic Sun*, 881 F.2d 73, 80 (3d Cir. 1989). Courts have further held that "when a party pursues an *in rem* action to enforce a maritime lien, the complaint for such an action must be verified." *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 637 (9th Cir. 2002), citing *United States v. Argent Chem. Labs., Inc.*, 93 F.3d 572, 574 (9th Cir. 1996). Plaintiffs' suspected motive, as proffered by Defendant Lesenskyj, is not a basis to deny Plaintiffs' motion.

**III. Conclusion**

For the reasons set forth above, Plaintiffs' motion to file an amended verified complaint is GRANTED. An appropriate Order follows.

Dated: November 16, 2017

s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**