UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES LY and NGA LAM,

                Plaintiffs,

      v.

GEORGE LESENSKYJ, *et al.*,

                Defendants.

Civil Action No. 17-2203 (ZNQ) (TJB)

**REVISED MEMORANDUM OPINION**

**QURAISHI, District Judge**

    This matter comes before the Court upon Third-Party Defendant Bay Dreamer LLC's ("Bay Dreamer") Motion for Summary Judgment (ECF No. 78) and Defendant George Lesenskyj's ("Lesenskyj") Motion for Summary Judgment and to Exclude Irrelevant and Prejudicial Evidence (ECF No. 85).[1] Plaintiffs James Ly ("Ly") and Nga Lam (collectively "Plaintiffs") opposed both motions (ECF Nos. 79, 90), and Bay Dreamer replied (ECF Nos. 83). After careful consideration of the Parties' submissions, the Court decides the Parties' Motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, the Court denies both motions.

---

[1] Lesenskyj impleaded Bay Dreamer through Federal Rule of Civil Procedure 14. (ECF No. 6.)

I. **BACKGROUND**

The Court recites only the uncontested facts necessary to contextualize the present motions. On July 10, 2016, Ly rented a fifteen-foot skiff from Bay Dreamer.[2] (Bay Dreamer's Statement of Undisputed Material Facts ("SUMF") ¶ 2, ECF No. 78; Pls.' Responsive Statement of Material Facts ("RSMF") to Bay Dreamer ¶ 2, ECF No. 79-2; Lesenskyj's SUMF ¶ 3, ECF No. 89; Pls.' RSMF to Lesenskyj ¶ 3, ECF No. 90-1.) Ly rented the skiff for purposes of fishing the Oyster Creek Channel with Phillip Kang ("Kang") and Dr. Joshua Liao ("Liao"). (*See* Bay Dreamer's SUMF ¶¶ 4-6; Pls.' RSMF to Bay Dreamer ¶¶ 4-6.) Ly and Kang were not related and were "fishing buddies." (Lesenskyj's SUMF ¶ 2; Pls.' RSMF to Lesenskyj ¶ 2.)

On July 10, 2016, Lesenskyj was operating a "twin outboard 36' Concept center console vessel with . . . 600 horsepower" in the Oyster Creek Channel. (*See* Bay Dreamer's SUMF ¶ 7; Pls.' RSMF to Bay Dreamer ¶ 7.) At approximately 2:23 p.m., Lesenskyj's vessel collided with Ly's rented skiff. (Bay Dreamer's SUMF ¶ 1; Pls.' RSMF to Bay Dreamer ¶ 1.) Lesenskyj's vessel struck the skiff at the port stern, where Kang was seated. (Bay Dreamer's SUMF ¶¶ 4, 11; Pls.' RSMF to Bay Dreamer ¶¶ 4, 11.) Tragically, Kang died as a result of the collision. (Bay Dreamer's Moving Br. 30, ECF No. 78.) At no point prior to the collision was any sound device used by either Lesenskyj or anyone on Ly's rented skiff to avoid a collision. (*See* Bay Dreamers' SUMF ¶¶ 18, 28; Pls.' RSMF to Bay Dreamer ¶¶ 18, 28.)

All other relevant or material facts in this matter are contested and will be recited where applicable in the Court's analysis below.

---

[2] Bay Dreamer was doing business as Bobbie's Boats and Motor Rental when it rented the skiff to Plaintiff. (Bay Dreamer's SUMF ¶ 2.)

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of material fact exist). "[U]nsupported allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

## III.  DISCUSSION

For the reasons outlined below, the Court denies both Bay Dreamer and Lesenskyj's Motions for Summary Judgment.

### A.  Bay Dreamer's Motion for Summary Judgment

"An action arising out of a collision between two pleasure boats on navigable waters clearly falls within the admiralty jurisdiction of the district courts." *Foremost Ins. Co. v. Pansy F. Richardson*, 457 U.S. 668, 672 (1982). In this case, Ly's rented skiff and Lesenskyj's boat were both pleasure boats that collided on navigable waters. (Pls.' RSMF to Bay Dreamer ¶¶ 2, 7.) As such, this case falls squarely within this Court's federal admiralty jurisdiction. *See Calhoun v. Yamaha Motor Corp.*, 40 F.3d 622, 627 (3d Cir. 1994).

"Whether a state law may provide a rule of decision in an admiralty case depends on whether the state rule 'conflicts' with the substantive principles of federal admiralty law." *Id.* As there is no well-defined federal maritime standard for negligence, "no conflict between New Jersey's common law of negligence and [any] federal maritime law of negligence" exists, and the

Court applies New Jersey's negligence standard to this action. *DiNenno v. Lucky Fin Water Sports, LLC*, 837 F. Supp. 2d 419, 427 (D.N.J. 2011); *see also Calhoun*, 40 F.3d at 627 (finding "[i]n the field of . . . maritime torts, the National Government has left much regulatory power in the States" and "state law can, and often does, provide the relevant rule of decision in admiralty cases" (citation omitted)). In New Jersey, "[i]n order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *DiNenno*, 837 F. Supp. 2d at 427 (citation omitted).

Bay Dreamer moves for Summary Judgment on the basis that Plaintiffs cannot establish their negligence claims against it. (*See generally* Bay Dreamer's Moving Br.) In relevant part for the Court's consideration, Bay Dreamer argues that any alleged failure by it to provide a whistle onboard the fifteen-foot skiff it rented to Ly "cannot be a proximate cause of the collision" and, therefore, Plaintiffs cannot sustain their negligence claim against it. (*See id.* at 4-5.)

1.   *The Pennsylvania Rule*

The Court's analysis in resolving this motion centers on the applicability of the admiralty rule known as the "Pennsylvania Rule." *The Pennsylvania*, 86 U.S. 125, 136 (1873); *Complaint of Nautilus Motor Tanker Co.*, 85 F.3d 105, 113-14 (3d Cir. 1996) (setting forth the application of the Pennsylvania Rule in modern-day Third Circuit jurisprudence). The Pennsylvania Rule establishes that a plaintiff is entitled to a presumption of cause in a negligence action where "a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions." *Complaint of Nautilus*, 85 F.3d at 113. The Pennsylvania Rule, if established, shifts the burden to a ship to show "not merely that [her] fault might not have been one of the causes, or that it probably was not, but that it could not have been." *Id.* Here, the "ship" is the rental skiff Bay Dreamer provided Ly, and the question is whether its alleged violation of 33 C.F.R. § 83, *et seq*. (the "Inland

Rules") allows Plaintiffs to gain the Pennsylvania Rule's presumption of cause against Bay Dreamer.

The test as to whether to apply the Pennsylvania Rule's presumption of cause is threefold: First, a plaintiff must prove, by a preponderance of the evidence, that a violation of a statute or regulation that imposes a mandatory duty occurred. *Complaint of Nautilus*, 85 F.3d at 114. Second, the statute or regulation violated must involve marine safety or navigation. *Id.* And third, the injury suffered must be of a nature that the statute or regulation was intended to prevent. *Id.* Here, Plaintiffs direct this Court's attention to Inland Rule 33 as the Rule Bay Dreamer's rental skiff allegedly violated it. 33 C.F.R. § 83.33. Inland Rule 33 provides a mandatory duty, stating "[a] vessel of less than 12 meters . . . shall be provided with some . . . means of making an efficient sound signal." *Id*.

Bay Dreamer asserts its boat did not violate Inland Rule 33 where it provided a whistle that would satisfy the regulation. (*See* Bay Dreamer's SUMF ¶¶ 25-27 (citing testimony that each Bay Dreamer rental boat "has a whistle," that Bay Dreamer employees "never take them off," and that an employee checks for a whistle before each boat goes out).) Plaintiffs dispute that Bay Dreamer's rental skiff was equipped with a whistle, and they provide evidence contrary to Bay Dreamer's assertion. (*See* Pls.' RSMF to Bay Dreamer ¶¶ 25-32 (citing Ly's testimony that there was no whistle on the boat and providing evidence of two photographs: 1) a photograph taken before the collision that shows a lanyard, of which the whistle was typically affixed, but not showing whether or not there was in fact a whistle affixed and 2) a photograph of the full lanyard taken after the collision and showing no whistle).) Ultimately, based on the conflicting evidence provided by the Parties, the question of whether, by a preponderance of the evidence, Bay Dreamer provided Ly's

6

rented skiff with an "efficient sound signal" such as a whistle as required by Inland Rule 33 is a dispute of material fact not ripe for adjudication at this stage.

As to elements two and three of the Pennsylvania Rule, however, the Court finds each element is met as a matter of law. The second element, that the statute or regulation must involve marine safety or navigation, is clearly met where the Inland Rules state a statutory intent to avoid maritime collisions. 33 C.F.R. § 83.02 ("In construing and complying with these Rules, due regard shall be had to all dangers of navigation and collision[.]"). The third element requires that "the injury suffered must be of a nature that the statute or regulation was intended to prevent." *Complaint of Nautilus*, 85 F.3d at 113. This element is again clearly met where a nautical collision occurred between Ly's rented skiff and Lesenskyj's boat, the very thing the Inland Rules set out to regulate and avoid, and where Inland Rule 33 desires watercraft to have a sound signal to effectively navigate around one another and presumably avoid such a collision. *See* 33 C.F.R. §§ 83.02, 83.33.

For these reasons, the Court finds that the Pennsylvania Rule is met as to prongs two and three but leaves the question of whether or not the whistle or any other sound device was provided to Ly's rented skiff for determination at trial. If such device is found by a preponderance of the evidence not to have been provided, a presumption of causation will be granted against Bay Dreamer unless Bay Dreamer can successfully rebut such a presumption.

### 2. *Rebutting the Pennsylvania Rule to Achieve Summary Judgment*

Bay Dreamer seeks, at summary judgment, to rebut the presumption the Pennsylvania Rule may grant Plaintiffs at trial. A defendant can rebut the Pennsylvania Rule's presumption of cause by providing "clear and convincing [evidence] showing that the violation could not have been a proximate cause of the collision . . . or by demonstrating that the accident would have occurred

despite the statutory violation." *Complaint of Nautilus*, 85 F.3d at 114 (citation omitted). Bay Dreamer contends that it is entitled to summary judgment because it showed by clear and convincing evidence that the alleged violation, the lack of a whistle on Ly's rented skiff, could not have been a proximate cause of the collision. (Bay Dreamer's Moving Br. at 17, 28.) Bay Dreamer further claims it demonstrated by clear and convincing evidence that the accident would have occurred notwithstanding the presence of a whistle. (*See id.*) The Court finds that Bay Dreamer cannot establish either assertion by clear and convincing evidence.

First, Bay Dreamer contends that the absence of a whistle was not a proximate cause of the collision because there was insufficient time to obtain and effectively utilize a whistle before the collision. (*Id.* at 28.) Plaintiffs, in response, provide testimony by Ly stating that he was aware of a potential collision up to thirty seconds before impact, and that he or Kang would have had time to blow a whistle if one was supplied. (Ex. E to Pls.' Opp'n Br., ECF No. 79-7.) As such, a genuine dispute of material fact remains as to whether Ly or Kang had time to use a whistle to divert Lesenskyj's boat, and Bay Dreamer has not provided clear and convincing evidence to the contrary.

Second, Bay Dreamer argues even if there was enough time to blow a whistle, the absence of a whistle was not a proximate cause of the collision because the sound of a whistle would not have altered the course of Lesenskyj's vessel. (Bay Dreamer's Moving Br. at 31.) Plaintiffs provide evidence that Lesenskyj himself testified to the contrary. (Ex. F. to Pls.' Opp'n Br., ECF No. 79-8 (providing testimony by Lesenskyj at his deposition where he stated that if he heard a whistle blowing in front of him, even if he could not see a boat, he would have brought his boat to a stop).) As such, a genuine dispute of material fact remains as to whether or not the blowing of a whistle

would have prevented the collision, and again, Bay Dreamer did not provide clear and convincing evidence to the contrary.

### 3. Additional Arguments

The Court also briefly notes Bay Dreamer's argument suggesting that the Inland Rules are "clearly beyond the ken of the average person and expert testimony is required to analyze" the Inland Rules. (Bay Dreamer's Reply 2, ECF No. 83.) Bay Dreamer provides no case law to support this assertion, and the Court disagrees that claims under the Inland Rules are so complex that expert testimony is required for a juror to understand the issues in this case. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003) (emphasizing experts are not required where "the jurors' common knowledge as a lay person is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of specialized knowledge of experts" (citation omitted)).

In sum, genuine disputes of material fact exist as to Plaintiffs' negligence claims against Bay Dreamer, and therefore the Court denies Bay Dreamer's Motion for Summary Judgment.

### B. Lesenskyj's Motion for Summary Judgment and Motion in Limine

Lesenskyj moves for Summary Judgment as to Plaintiffs' claim for Negligent Infliction of Emotional Distress ("NIED") and Bay Dreamer writes separately to support the Motion. (ECF Nos. 85, 87.) Lesenskyj also moves for the exclusion of certain evidence at trial. (*See* ECF No. 85.) The Parties dispute whether federal maritime law or state law applies when considering a NIED claim that arises from the collision of two boats in a federally regulated inland water channel.

*1. Governing Law for Maritime NIED Claims*

Case law by the Third Circuit and the United States Supreme Court guide this Court to its conclusion that federal law governs Plaintiffs' NIED claim. First, as discussed earlier in this Opinion, the Supreme Court has established that "an action arising out of a collision between two pleasure boats on navigable waters clearly falls within the admiralty jurisdiction of the district courts." *Foremost*, 457 U.S. at 672. As such, this case falls squarely within this Court's federal admiralty jurisdiction. While the intersection between federal admiralty law[3] and state law can occasionally require an in-depth preemption analysis, the Third Circuit has made it clear that where admiralty jurisdiction applies, state laws cede to federal maritime laws whenever the two sets of laws conflict. *Calhoun*, 40 F.3d at 627. While analyzing the presence of such a conflict can at times be difficult, this is not such an instance. *Id.* at 628.

---

[3] While "admiralty" and "maritime" are distinct concepts, namely "admiralty" law is a subset of "maritime" law, courts across the country use the terms interchangeably. *Golden Horn Shipping Co. v. Volans Shipping Co.*, Civ. No. 14-2168, 2016 WL 1574128, at *1 n.1 (S.D.N.Y. Apr. 15, 2016) (citing *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 n.2 (7th Cir. 2001); *see also Espinoza v. Princess Cruise Lines, Ltd.*, 581 F. Supp. 3d 1201, 1210 n.3 ("The Ninth Circuit has advised it use[s] the terms 'admiralty' and 'maritime' interchangeably, as the relevant caselaw often uses both words without apparent distinction." (quoting *Gruver v. Lesman Fisheries, Inc.*, 489 F.3d 978, 982 n.5 (9th Cir. 2007)) (alterations in original)). For purposes of this Opinion, to keep with the conventions used by courts similarly sitting in admiralty jurisdiction, the Court uses "admiralty" and "maritime" interchangeably.

The Supreme Court provided for a federally recognized NIED standard in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 558 (1994) (setting forth a "zone of danger" test for NIED claims brought under federal law). In *Consolidated Rail*, the Supreme Court found that railroad workers who asserted claims under the Federal Employer's Liability Act ("FELA") could assert a federally recognized claim for NIED. *Id.* at 549-50. While *Consolidated Rail* was decided in the context of FELA, this Court follows the First, Ninth and Eleventh Circuits in finding that *Consolidated Rail* implicitly recognized a cause of action for NIED under federal maritime law. *Stacy v. Rederiet Otto Danielsen, A.S.*, 609 F.3d 1033, 1035 (9th Cir. 2010) (finding that *Consolidated Rail* established "[t]he federal standard for [NIED]" and that the test set forth in *Consolidated Rail* to assess NIED is "applicable in the [admiralty] jurisdiction of the United States"); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1338 (11th Cir. 2012) (affirming that the NIED rule set forth in *Consolidated Rail* is applicable under federal maritime law); *Sawyer Bros., Inc. v. Island Transporter, LLC*, 887 F.3d 23, 38 (1st Cir. 2018) (stating a plaintiff "may recover for NIED under the general maritime law").

As an established federal common law standard for NIED is recognized in the maritime context, the Court applies such standard in this matter. *See Calhoun*, 40 F.3d at 637 (finding where a federal maritime rule exists at either statutory or federal common law, state law must cede to federal admiralty law).[4]

---

[4] Importantly, even if a federal NIED standard is not applicable in the maritime context, Plaintiffs could still advance their NIED claim under New Jersey state law and the Court would reach the same conclusion it reaches when analyzing the NIED claim under *Consolidated Rail*. *See generally Falzone v. Busch*, 214 A.2d 12 (N.J. 1965); *see also Portree v. Jaffee*, 417 A.2d 521, 524 (N.J. 1980) (barring certain NIED claims in New Jersey but recognizing that *Falzone* set forth a "zone of risk" test similar to the *Consolidated Rail* test to determine NIED claims, and that such test was not overruled by *Portree*).

11

*2. "Zone of Danger" Test and Application*

The "zone of danger" test employed by the Supreme Court "limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." *Consolidated Rail*, 512 U.S. at 548. In short, "those within the zone of danger of physical impact can recover for fright, and those outside of it cannot." *Id.* (internal quotation marks and citation omitted).

Lesenskyj argues that Plaintiffs provide no evidence that Ly himself so feared the impact of collision that he experienced post-traumatic stress disorder ("PTSD") as a result of his own fear of bodily harm when Lesenskyj's boat collided with Ly's skiff. (*See* Lesenskyj's Moving Br. 3-4, ECF No. 86.) Instead, Lesenskyj maintains, Plaintiffs only provide evidence that witnessing Ly's friend die caused Ly's PTSD, which is not actionable under the applicable law. (*Id.* at 3, 7-9.) Alternatively, Lesenskyj maintains and provides evidence that Ly's PTSD was a preexisting condition, and thus, was not caused by the boat collision. (*Id.* (citing Ex. D. to Lesenskyj's Mot. Summary J., ECF No. ECF No. 88).)

Plaintiffs, however, provide evidence that Ly experienced PTSD after the crash and provide evidence that it was a result of the collision with Lesenskyj. (Ex. 8 to Pls.' Opp'n Br., ECF No. 90-10.) Plaintiffs point to expert evidence that can be construed as attributing Ly's PTSD to the apprehension of immediate physical harm to his person at the time Lesenskyj's boat collided with Ly's skiff. (*See generally id.*) As such, Plaintiffs provide evidence that they meet "zone of danger" test requirements for establishing NIED at trial. For these reasons, a genuine dispute of material fact remains as to whether Ly's PTSD was the result of a fear that he would be harmed or killed in the collision, or alternatively, whether his PTSD was the result of watching his friend die

or a preexisting condition that predated the collision. Accordingly, Lesenskyj's Motion for Summary Judgment as to Plaintiffs' NIED claim is denied.

### 3. Remaining Arguments and Motion in Limine

The Court turns briefly to Lesenskyj's other arguments raised in his motion regarding damages and a motion in limine. Lesenskyj first argues that Plaintiffs did not provide any evidence that Ly's PTSD from the boat collision is a chronic condition, and therefore, Plaintiffs cannot collect future damages. (Lesenskyj's Mot. Summary J. at 9-10.) The Court concludes, however, that Lesenskyj's future damages argument merely attempts to seize finality from expert testimony that leaves open the question of whether Ly's PTSD is permanent. (*See, e.g. id.* (arguing that there is no evidence that Ly's alleged PTSD is permanent although the evidence on the record as to Ly's PTSD-permanence lacks finality and is a matter of interpreting the expert opinions of Dr. Rosenkrantz, Dr. Rosenberg, and Dr. Lee); *see generally* Ex. C-1 to Pls.' Opp'n Br., ECF No. 90-2; Ex. 8 to Pls.' Opp'n Br.; Ex. 12 to Pls.' Opp'n Br., ECF No. 90-14.) Lesenskyj next argues that Plaintiffs provide no evidence that Ly could not work following the collision, challenging Plaintiffs' lost wages claim. (Lesenskyj's Mot. Summary J. at 10.) In so moving, Lesenskyj cites only state law contingent upon New Jersey State Rules of Evidence where federal case law contingent on Federal Rules of Evidence should be applied, rendering the Court unable to decide this issue for want of guidance as to Lesenskyj's arguments under federal law. (*Id.* at 10-11 (citing New Jersey law and evidentiary rulings despite this Court sitting in federal admiralty jurisdiction; *D'Orio v. West Jersey Health Sys.*, 797 F. Supp. 371, 376 (D.N.J. 1992) ("Generally the Federal Rules of Evidence apply to all cases hearing in a federal court, even where the application of the forum state's evidentiary rules would yield a different result on a particular item of proffered

evidence (citing 9 Wright & Miller, *Federal Practice and Procedure* § 2405 (1971 and Supp. 1992))). As such, the Court denies summary judgment as to Plaintiffs' lost wages claim.

As to Lesenskyj's motion in limine to exclude certain evidence related to Kang's death, the Court agrees that some consideration may need to be given as to the admissibility of Kang's graphic injuries. (Lesenskyj's Mot. Summary J. at 11-13.) The Court, however, reserves judgment on this issue because it should be separately briefed after both Parties consider the Court's findings in this Opinion. Particularly, the Court finds today that the presence of the whistle is a material factual dispute in this case, and therefore, it may be necessary for some graphic material to be admitted if it is ultimately necessary for the Court to properly consider if there was a whistle on the boat. The Court, however, reserves a more precise judgment for a formal and separate motion in limine filed prior to trial.

## IV.    <u>CONCLUSION</u>

For the reasons outlined above, the Court denies Bay Dreamer and Lesenskyj's Motions for Summary Judgment.

s/Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES LY and NGA LAM,

            Plaintiffs,

v.

GEORGE LESENSKYJ, *et al.*,

            Defendants.

Civil Action No. 17-2203 (ZNQ) (TJB)

**ORDER**

This matter comes before the Court upon Third-Party Defendant Bay Dreamer LLC's ("Bay Dreamer") Motion for Summary Judgment (ECF No. 78) and Defendant George Lesenskyj's ("Lesenskyj") Motion for Summary Judgment and to Exclude Irrelevant and Prejudicial Evidence (ECF No. 85). Plaintiffs James Ly ("Ly") and Nga Lam (collectively "Plaintiffs") opposed both motions (ECF Nos. 79, 90), and Bay Dreamer replied (ECF Nos. 83). After consideration of the Parties' submissions, the Court decides the Parties' Motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth in the accompanying Memorandum Opinion and other good cause shown,

**IT IS**, on this 13th day of March 2023, **ORDERED** as follows:

1.      Bay Dreamer's Motion for Summary Judgment (ECF No. 78) is **DENIED**.

2.  To the extent Lesenskyj moves for Summary Judgment as to Plaintiffs' NIED claims (ECF No. 85), such motion is **DENIED**. To the extent Lesenskyj brings motions in limine, such motions are **DENIED WITHOUT PREJUDICE** to be refiled subsequent to the Court's decision today.

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**